UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASIM AZIZI,

                Plaintiff,

    v.

STUVER, et al.,

                Defendants.

CASE NO. 2:26-CV-1175-RSL-DWC

ORDER DECLINING TO SERVE
COMPLAINT AND STRIKING
MOTION FOR INJUNCTIVE RELIEF

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Wasim Azizi, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended pleading by June 8, 2026, to cure the deficiencies identified herein.

## I.    Background

In the Complaint, Plaintiff, an inmate housed at the King County Jail ("the Jail"), alleges Defendants Stuver, F. Oeybiyi, S. Phillips, S. Coleman, and the SIU Team, all employees at the Jail, violated his due process rights and retaliated against him. Dkt. 6.

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 1

**II.      Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915€(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 2

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. *Due Process*

First, Plaintiff alleges his due process rights were violated when he was moved to isolation. Dkt. 6. To show a procedural due process violation occurred, a plaintiff must allege two elements: (1) the deprivation of a constitutionally protected liberty or property interest, and (2) the denial of adequate procedural protections. *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002) (citing *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). A protected interest may arise directly from the Constitution, "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

For pretrial detainees, the due process clause of the Fourteenth Amendment prohibits restrictions on liberty that amount to punishment prior to an adjudication of guilt. *Bell v. Wolfish,* 441 U.S. 520, 535–37 (1979). To determine whether a restriction constitutes punishment, courts consider whether the restriction caused a significant hardship or disability compared to the ordinary conditions of confinement and whether it was imposed for a legitimate nonpunitive purpose rather than to punish. *See Block v. Rutherford*, 468 U.S. 576, 584–85 (1984); *Kingsley v. Hendrickson*, 576 U.S. 389, 398–99 (2015). While convicted prisoners must demonstrate that a restriction imposes an atypical and significant hardship under *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Ninth Circuit has held that pretrial detainees may have a broader liberty interest in avoiding punitive or excessive restrictions without due process. *See Mitchell v. Dupnik*, 75 F.3d 517, 523–25 (9th Cir. 1996); *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205–06 (9th Cir. 2008).

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 3

Not every inconvenience or restriction during pretrial detention amounts to punishment or requires procedural protections as a matter of federal constitutional law. *Bell,* 441 U.S. at 537. Minor restrictions or temporary, short-term losses of privileges are considered *de minimis* and do not rise to the level of constitutional violations. *Id.* at 539 n.21; *Peyton v. Cnty. of Ventura*, No. 17-cv-3202-VAP-AJW, 2017 WL 6816355, at *2–3 (C.D. Cal. Aug. 23, 2017), *report and recommendation adopted by* 2018 WL 317791 (C.D. Cal. Jan. 3, 2018). In other words, procedural due process protections, such as notice and a hearing, are triggered only where the restriction is sufficiently severe, excessive, or punitive in nature. *See Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004).

Here, Plaintiff contends he was placed in "deadlock isolation" by Defendant Stuver without notice of any infraction or hearing. Dkt. 6. He alleges Defendant Stuver stated Plaintiff's move should not have occurred but his "hands [were] tied." *Id*. at 2. Plaintiff states Defendants Coleman, Oyebiyi, and Phillip did not assist in removing him from isolation. *Id*. Plaintiff alleges he has also lost his commissary rights.

The allegations in the Complaint are not sufficient to show the named defendants violated Plaintiff's due process rights. While they were aware he was in "deadlock isolation," Plaintiff has not alleged the named defendants were aware he did not have an infraction or hearing nor aware that he was allegedly in isolation without due process. Accordingly, Plaintiff has not sufficiently stated a due process claim against Defendants.

B. *Retaliation*

Plaintiff also alleges Defendants retaliated against him. Dkt. 6. To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 4

not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983)*.*

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

First, Plaintiff has not alleged that he was engaged in conduct that was protected under the First Amendment. Second, Plaintiff only speculates that he was placed in isolation in retaliation. Plaintiff has not provided specific allegations showing Defendants took action in retaliation for Plaintiff exercising his First Amendment rights. Therefore, Plaintiff has failed to allege sufficient facts to satisfy a retaliation claim.

C.  *Improper Defendants*

In the Complaint, Plaintiff names the SIU Team as a defendant. Dkt. 6. If Plaintiff wishes to sue members of the SIU Team, he must identify the specific individuals as defendants and identify the actions taken by each SIU Team member which resulted in a constitutional violation. *See e.g. Herrera v. Pain Management Committee at Corcoran State Prison*, 2012 WL 6005379, *2 (E.D. Cal. Nov. 30, 2012) (finding a committee was not a proper defendant in a § 1983 action). As Plaintiff cannot proceed on a § 1983 claim against the SIU Team, he must show cause why the SIU Team should not be dismissed.

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 5

**III.    Conclusion**

Plaintiff has not stated a claim upon which relief can be granted. As Plaintiff has not filed a servable complaint, the Court strikes Plaintiff's motion for injunctive relief.

Further, because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before **June 8, 2026**. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 8th day of May, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND STRIKING MOTION FOR INJUNCTIVE
RELIEF - 6